# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KATINA DAVIDSON, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.: 09-1283 (RMU) |
| | : | |
| v. | : | Re Document Nos.: 11, 39 |
| | : | |
| DISTRICT OF COLUMBIA *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

### GRANTING THE DEFENDANTS' SUPPLEMENTAL MOTION TO DISMISS; GRANTING THE PLAINTIFF'S MOTION TO STRIKE

This action was commenced on behalf of the parents of eighty-five disabled students who allegedly prevailed in 158 separate administrative proceedings brought under the Individuals with Disabilities Education and Improvement Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.* Through this action, they sought the recovery of attorney's fees and costs incurred during those administrative proceedings.

On November 25, 2009, the defendants filed a combined motion to sever and first motion to dismiss. *See generally* Defs.' 1st Mot. to Dismiss. On January 13, 2010, the defendants filed a supplemental motion to dismiss based on the assertions of Paul Chassy, plaintiffs' prior counsel,[1] who indicated that the action may have been commenced without the plaintiffs' knowledge or consent. *See generally* Defs.' Suppl. Mot. to Dismiss. The defendants argued that

---

[1] The plaintiff has also filed a motion to strike certain filings made by attorney Chassy in this case after his representation of the plaintiffs ended. *See generally* Pl.'s Mot. to Strike Multiple Filings. Given the fact that the defendant takes no position on the plaintiff's motion to strike, *see* Def.'s Response to Pl.'s Mot to Strike, and for the reasons articulated in Magistrate Judge Kay's June 4, 2010 memorandum orders barring Chassy from making further filings in this case and striking certain material filed by Chassy, the court grants the plaintiff's motion.

the action must be dismissed because the IDEA authorizes the parents of disabled students –

rather than their attorneys – to commence an action to recover attorney's fees. *See generally id.*

On September 8, 2010, the court severed the claims of all the plaintiffs save those

brought by the first-listed plaintiff, Katina Davidson. *See* Mem. Op. (Sept. 8, 2010) at 5-10.[2]

With respect to this remaining claim, the court held in abeyance the defendant's supplemental

motion to dismiss and directed plaintiff's counsel to submit a declaration from plaintiff Davidson

that this action was commenced with her knowledge and consent by September 22, 2010. *Id.* at

18-21.

Plaintiff's counsel failed to submit the required declaration from plaintiff Davidson by

the court's deadline, stating that the plaintiff was too ill to participate in the preparation of such a

declaration. *See generally* Pl.'s Notice of Attempted Compliance With the Court's Order and of

Related Issues ("Pl.'s Notice"). Moreover, the plaintiff has requested that the court dismiss her

claim, acknowledging that she has no valid claim for attorney's fees because her administrative

proceeding resulted in a settlement agreement rather than a hearing officer determination.[3] *See*

*generally* Pl.'s Mot. to Dismiss.

In light of the plaintiff's counsel failure to comply with the court's order to submit a

declaration from plaintiff Davidson, *see generally* Pl.'s Notice, as well as the plaintiff's

acknowledgement that she "has no valid claim before this court," Pl.'s Mot. to Dismiss at 1, it is

---

[2]      The court also granted as conceded the defendants' motion to dismiss all claims against defendants Michelle Rhee and Adrian Fenty. Mem. Op. (Sept. 8, 2010) at 2 n.2.

[3]      The plaintiff specifies in a subsequent filing that she consents to the dismissal of her claim with prejudice. *See generally* Pl.'s Reply.

clear that this matter should be dismissed with prejudice. Accordingly, the court grants the defendants' supplemental motion to dismiss. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 22nd day of October, 2010.


RICARDO M. URBINA
United States District Judge